**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN DEVORE, et al, <br>         Plaintiff, <br>     v. <br> UNITED STATES DEPARTMENT OF DEFENSE, et al, <br>         Defendants. | NO. SACV 20-0563-ODW (KS) <br><br> **ORDER: DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## INTRODUCTION

On March 19, 2020, Dawn Devore, Steffini Sellers, and George Anthony Ban III (collectively, "Plaintiffs"), California residents proceeding *pro se*, commenced this lawsuit against the United States Department of Defense, several other federal agencies, Northrop Grumman, and, *inter alia*, 20 unknown Doe defendants. (Dkt. No. 1.) In the original Complaint, Plaintiffs alleged that the Obama Administration, "using NASA," coordinated with Russia, China, "and more" to implement a global nonconsensual remote medical research program pursuant to which "nanosensor devices" were implanted in the bodies of Plaintiff Devore and her children. (*Id.*)

1

On May 18, 2020, the Court dismissed the Complaint with leave to amend and ordered Plaintiffs to file a First Amended Complaint. (Dkt. No. 5.) On June 22, 2020, Plaintiffs filed a First Amended Complaint (Dkt. No. 6), which the Court also dismissed with leave to amend (Dkt. No. 23). On September 9, 2020, Plaintiffs filed a Second Amended Complaint (Dkt. No. 27) and a Motion to Supplement their Second Amended Complaint (Dkt. No. 28). On October 27, 2020, the Court granted Plaintiffs one final opportunity to file an amended complaint correcting the defects identified by the Court, thereby effectively granting Plaintiffs' Motion to Supplement. (Dkt. No. 29.) The Court ordered Plaintiffs to file their Third Amended Complaint no later than December 8, 2020. (*Id*.) On December 7, 2020, United States Magistrate Judge Patricia Donahue recused herself and the case was reassigned to United States Magistrate Judge Karen L. Stevenson. (Dkt. No. 31.)

On December 30, 2020, after more than three weeks had passed since Plaintiffs' deadline for filing a Third Amended Complaint ("TAC") and no TAC had been filed, the Court ordered Plaintiffs to show cause no later than January 13, 2021 why the Court should not recommend dismissal for failure to prosecute based on Plaintiffs' failure to comply with the Court's prior orders. (Dkt. No. 33.) On February 5, 2021, after more than three weeks had passed without any communication from Plaintiffs, the Court issued a Report and Recommendation in which it recommended dismissal for failure to prosecute. (Dkt. No. 35.) Plaintiffs were ordered to file objections, if any, no later than February 26, 2021. (Dkt. No. 36.)

On February 8, 2021, Plaintiffs filed a Response to the Court's December 30, 2020 Order to Show Cause in which they asked the Court to continue the deadlines for filing a Third Amended Complaint. (Dkt. No. 36.) Out of an extraordinary abundance of caution and in the interests of justice, the Court granted Plaintiffs a one week extension of the deadline—through the close of business on March 5, 2021—to file either objections to the Court's Report and

Recommendation or a Third Amended Complaint correcting the defects in pleading previously identified by the Court.

On March 8, 2021, three days after the March 5, 2021 deadline, Plaintiffs filed a Third Amended Complaint (the "TAC") (Dkt. No. 44) and, separately, a signature page (Dkt. No. 45). In the TAC, Plaintiffs continued to allege, *inter alia*, that Congress authorized the implantation of medical monitoring devices in U.S. citizens' bodies without their knowledge or consent, and Plaintiff Devore had three of these devices surgically removed from her body. (*Id.* at 9, ¶¶ 27-30.) In the interests of justice and out of an abundance of caution, the Court vacated the Report and Recommendation, dismissed the TAC for failure to state a claim, and gave Plaintiffs one <u>final</u> opportunity to file a viable complaint. (Dkt. No. 46.) The Court ordered Plaintiff to file a Fourth Amended Complaint correcting the defects identified by the Court no later than April 19, 2021. (*Id.*) On May 14, 2021, after more than three weeks had passed since Plaintiffs' April 19, 2021 deadline and no Fourth Amended Complaint had been filed, the Court ordered Plaintiff to show cause no later than May 21, 2021 why the action should not be dismissed for failure to prosecute. (Dkt. No. 47.) The Court stated that it did not anticipate granting any additional extensions and Plaintiffs' failure to timely comply would result in a recommendation of dismissal. (*Id.*)

More than a week has now passed since Plaintiffs' deadline for responding to the Court's May 14, 2021 Order to Show Cause and Plaintiffs have not responded, filed a Fourth Amended Complaint, or otherwise communicated with the Court about their case. Accordingly, the case is now subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.

\\
\\
\\
\\

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—weigh in favor of dismissal. More than a year has passed since the case was initially filed and Plaintiffs have yet to file a viable initial pleading despite the Court's orders directing them to do so. Further, when asked to show cause for their failure to file a Fourth Amended Complaint, Plaintiffs did not respond. Consequently, more than two months have passed since Plaintiffs' last communication with the Court in this case. Plaintiffs' failure to file a viable amended complaint, request an extension of time, or show good cause for their delay hinders the Court's ability to move this case toward disposition and indicates that Plaintiffs do not intend to litigate this action diligently.

Generally, the third factor—prejudice to Defendants—does not counsel in favor of dismissal when no viable pleading exists. In this case, however, Plaintiffs proceeded to serve Defendants, despite the lack of authorization from the Court to do so. (*See* Dkt. Nos. 7-22.) The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiffs' unauthorized service of Defendants coupled with their months of inaction and repeated failure to correct the pleading defects identified by the Court

in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiffs' delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, the Court has repeatedly gone above and beyond to avoid outright dismissal. Most recently, it vacated the prior Report and Recommendation in the interests of justice in order to give Plaintiffs one final opportunity to file a complaint that states a claim for relief. Then, when no Fourth Amended Complaint was filed, the Court again attempted to avoid dismissal by giving Plaintiff one final extension of time to comply with court orders and warned Plaintiffs that their failure to timely respond would result in a recommendation of dismissal. Plaintiffs did not respond or seize the opportunities to avoid dismissal advanced by the Court. Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The Court cannot dispose of a case on its merits when the plaintiffs fail to move the case forward, do not comply with court orders, and do not explain their silence or delay. Plaintiffs have now allowed this matter to languish on the Court's docket for nearly 16 months without a viable initial pleading despite the Court's repeated instructions and warnings.

It therefore appears that the Court's retention of this action would not increase the likelihood that the matter would be resolved on its merits.

**CONCLUSION AND ORDER**

For the foregoing reasons, IT IS ORDERED that this action is DISMISSED and Judgment shall be entered separately dismissing this action without prejudice.

DATE: May 24, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Order Presented By:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE